UHS OF ARKANSAS, INC. *v.* CITY OF SHERWOOD, Arkansas, et al.

88-8                                              752 S.W.2d 36

Supreme Court of Arkansas
Opinion delivered June 20, 1988
[Rehearing denied July 18, 1988.]

98

*William H. Sutton; Walter A. Paulson II; H. Charles Gschwend, Jr.; Friday, Eldredge & Clark*; and *Robert L. Brown,*

*P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *George A. Harper*, Special Asst. Att'y Gen., for appellees the Health Services Agency, the Health Services Comm'n, the Dep't of Health (Division of Health Facilities Services), and the State of Arkansas.

*Howell, Price, Trice, Basham & Hope, P.A.*, by: *Max Howell* and *William H. Trice III*; and *Bob Dawson*, for appellees.

STEELE HAYS, Justice. Appellant is UHS of Arkansas, Inc. Appellees are the City of Sherwood, Health Management Associates, Inc., Continental Medical Systems, ("The Sherwood Petitioners"), The Health Services Agency, The Health Services Commission, The Department of Health and The State of Arkansas ("The Health Respondents").

The Sherwood Petitioners filed a suit for declaratory judgment against the Health Respondents in the Second Division of the Pulaski Chancery Court. After the declaratory judgment was entered UHS filed a motion to intervene, which the chancellor denied. The single issue presented on appeal is whether the motion to intervene should have been granted. We hold that it was error to deny UHS the right to intervene under the circumstances of this case.

This litigation arises because of Act 593 of 1987, codified as Ark. Code Ann. §§ 20-8-101 et seq. (1987). The act, as amended during the Extraordinary Session of the 1987 General Assembly, created The Health Services Agency and The Health Services Commission to evaluate the need for health services in Arkansas and to govern the issuance of permits for new or expanded facilities. The act mandated a two year moratorium on such facilities, but provided for certain classes of exemptions from the construction moratorium, one class apparently designed to exclude only the cities of Sherwood and Maumelle. It also provided for certain exceptions to permit requirements.

The Sherwood Petitioners' declaratory judgment suit was filed on October 21, 1987. The petition alleged that Sherwood came within the exemption from the construction moratorium of Act 593 and that the section of the act did not violate Amendment

14 of the Arkansas Constitution prohibiting special or local legislation. Nineteen days later, on November 9, the Respondents answered the petition and on November 12 without a hearing of any kind a declaratory judgment was entered declaring that Act 593 was not special or local legislation and was, therefore, constitutional. The court further found the Petitioners were exempted from the moratorium and that no permit was required of them. Thus, the litigation between the Petitioners and the Respondents was concluded in twenty-two days. On the day after the judgment, UHS filed its motion to intervene and to reopen on the grounds that its rights were materially affected by the judgment, that the judgment was advisory in that no justiciable controversy existed between the parties, and that the judgment constituted a denial of due process. On appeal, UHS asserts it should have been granted intervention as a matter of right, in spite of the fact that the motion was made one day after the judgment was entered. We agree.

UHS operates a residential psychiatric facility within two miles of Maumelle. Charter Hospital of Little Rock, Inc. planned to construct a similar facility within Maumelle itself. When Charter obtained an exemption from the construction moratorium from the Health Services Agency, UHS sought review of that administrative decision in the circuit court and Charter intervened. Named as defendants in the suit by UHS were the State of Arkansas, Department of Health and The Health Services Agency and Commission. UHS also filed a second suit naming Charter as respondent seeking interpretation of the permit exceptions and a declaration that the moratorium exemption provisions were special and local legislation as applying only to Maumelle and Sherwood. Part of this litigation was pending in the same division of the Pulaski Chancery Court when the Sherwood Petitioners filed their suit in October.

Before examining the applicable legal principles, we observe that the pleadings of the Sherwood Petitioners and the Health Respondents, consisting entirely of the petition and answer, clearly demonstrate the lack of any justiciable issue between these parties. The petition alleges that Sherwood is entitled to a permit under Act 593, which the answer admits, and that Act 593 is constitutional, which the answer also admits, though it phrases it in the negative by "denying" that the act is

*un*constitutional. Plainly, there was no controversy between the parties on any point asserted in the pleadings. In *Cummings* v. *City of Fayetteville*, 294 Ark. 151, 741 S.W.2d 638 (1987), we repeated the requirements for declaratory judgments noted much earlier in *Andres* v. *First Arkansas Development Finance Corp.*, 230 Ark. 594, 324 S.W.2d 97 (1959):

> 1. there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it;

> 2. the controversy must be between persons whose interests are adverse;

> 3. the party seeking declaratory relief must have a legal interest in the controversy; in other words a legally protectable interest; and

> 4. the issue involved in the controversy must be ripe for judicial determination.

Turning to the timeliness of the motion to intervene, we note that the status of the proceedings is only one of several factors to be considered. 26 Fed. Proc., L. Ed. § 59:376. The general rule is that post-judgment intervention will be allowed only upon a strong showing of entitlement by the applicant or a demonstration of unusual and compelling circumstances and the courts have shown a strong reluctance to grant intervention after a final judgment. *Id.* § 59:400. The Arkansas Court of Appeals stated in *Bank of Quitman* v. *Phillips*, 270 Ark. 53, 603 S.W.2d 450 (1980), that absent extraordinary and unusual circumstances, post-judgment intervention should not be allowed.

We consider first, whether UHS was entitled to intervention under ARCP 24(a) as a matter of right:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his

ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

An applicant must establish not only a sufficient interest, but also that the disposition of the action may as a practical matter, impair or impede an ability to protect one's interest and that the interest is not adequately represented by the existing parties. UHS meets that test.

A party qualifies as having sufficient interest to intervene, where, as a result of a ruling on a governmental regulation, the party would suffer economic damage. 26 Fed. Proc., L. Ed. § 59:279. This theory supporting intervention recognizes an intervention by right where the interest of a company was in maintaining the economic vitality and competitive ability of its sole supplier. *Cascade Natural Gas Corp.* v. *El Paso Natural Gas Co.*, 386 U.S. 129 (1967). Similarly, UHS's interest in the ruling on a regulatory exemption affecting it economically is sufficient, where one of two moratorium exemptions under the allegedly unconstitutional provision allows construction of a competing facility within the same geographic market.

A sufficient interest, however, is not conclusive. If the disposition would in no way affect an applicant's ability as a practical matter to protect its interest, intervention is denied. 26 Fed. Proc., L. Ed. § 59:294. The issue of impairment is one of degree and must be weighed against competing interests of the plaintiff and defendant in the progress of their litigation without undue complication and in the public's interest in a prompt resolution. *Id.*, § 59:292.

One who does not intervene, whether or not by right, is not at risk of being bound by the litigation and is not subject to res judicata. 59 Am. Jur. 2d *Parties* § 131. *Billabong Products, Inc.* v. *Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983). The impairment that is faced by one who has been denied intervention and proceeds with his own litigation, is that of stare decisis. The courts are divided on whether this factor is sufficient impairment under Rule 24, *see* Intervenor—Impaired Interest, 74 A.L.R. Fed. 632 (1985), but when the issue is one of first impression and is being heard by the same court, the stare decisis effect is significant and the practical impairment requirement is

met. *Id.*, § 3; 29 Fed. Proc., L.Ed, § 59:295. In the case before us, UHS is facing not only stare decisis, but a decision of first impression to be determined by the same trial judge.

When these factors are weighed against such inconvenience as might result to the suit of the appellees, conducted as it was in a matter of twenty-two days from the time the complaint was filed to the time of the judgment, and consisting of the barest of pleadings, we have no hesitancy in holding that the practical impairment to UHS outweighs other considerations.

Another factor is whether an applicant's interest is adequately represented. When the interest is identical with that of a party to the litigation, the interest is adequately represented, but where the applicant's interest is significantly different from that of any party to the action, it is not, especially where those interests are adverse. 59 Am. Jur. 2d *Parties* § 141.

It is obvious UHS's interest was not adequately represented in the Sherwood case. It was the contention of UHS that a provision of the act was unconstitutional and, as we have seen, none of the original parties on either side of the Sherwood case had any interest in finding the legislation unconstitutional.

Given the foregoing, we hold UHS was clearly entitled to intervene by right under Rule 24. That being so, we turn to the question of the timeliness of the motion to intervene. As we have noted, a post-judgment intervention will be allowed only upon a strong showing of entitlement or a demonstration of unusual and compelling circumstances. Here, we find both. While the motion to intervene did not precede the judgment, we think it was timely under the circumstances. The entry of the judgment was accomplished with extraordinary haste. Appellant's motion to intervene was filed only twenty-three days after the petition was filed and only three days after the answer was filed. No discovery had been conducted, no depositions taken and no hearings had been held. At that stage of a proceeding, where little or no litigation has ensued, timeliness is generally not a consideration. *See* 26 Fed. Proc., L. Ed § 59:392. It would not be reasonable to charge an intervenor with untimeliness under these circumstances, where the motion for intervention would clearly have been timely but for the expedited manner with which the

judgment was entered.

Nor can we say the original litigation would be burdened. Obviously, no great effort had been expended in the proceedings prior to the attempted intervention where the entire matter was concluded in so short a time.

In conjunction with our consideration of appellant's interest in intervention and the matter of timeliness, we note as well the purpose of intervention, which is to eliminate duplication of judicial effort by avoiding a multiplicity of suits and to implement the basic jurisprudential assumption that the interest of justice is served when all parties interested in a controversy are afforded an opportunity to be heard. *Id.*, § 59:255 (and cases cited therein).

Not only did UHS present to the trial court sufficient interest for intervention and, under the circumstances, a timely attempt, but it also provided the opportunity for the court to avoid a multiplicity of suits. Allowing appellant's motion for intervention would have enabled all parties with an interest in the subject matter to be heard, and the suit could have been decided on the basis of a genuine controversy.

Reversed and remanded.