AMSTAR/First Capital, Ltd. *v.* Robert S. McQUADE,
Roddy, J. McCaskill and Martha S. McCaskill

CA 92-1373                                    856 S.W.2d 326

Court of Appeals of Arkansas
Division I
Opinion delivered June 30, 1993

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *John E. Pruniski* and *Dorcy Kyle Corbin*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P. A.*, by: *Austin McCaskill*, for appellee.

JOHN E. JENNINGS, Chief Judge. This is a mortgage foreclosure case. The sole issue presented is whether a certain view easement takes priority over a prior recorded mortgage. The chancellor held that it did, but we cannot agree and therefore reverse.

In March of 1988, Big "K" Development Corporation borrowed $1.2 million from First Federal Savings of Arkansas for the purpose of establishing a residential development in West Little Rock. A mortgage to secure the indebtedness was filed on March 21, 1988.

In August of 1988, Big "K" deeded Lot 40 of the development to Roddy J. and Martha McCaskill. The deed was recorded on August 16, 1988, and contained an easement "for the purpose of providing an unrestricted view from said Lot 40." The view easement encumbered Lots 21, 22, and 23.

When the McCaskills prepared to build a house, they sought and obtained a partial release of the mortgage from First Federal. The release made no mention of the view easement. First Federal subsequently went into receivership and appellant, Amstar/First Capital, Ltd., purchased its assets from the receiver, Resolution Trust Corporation. Big "K" defaulted on the note, and Amstar

brought the present action to foreclose the mortgage.

The chancellor expressly found that First Federal had no actual knowledge of the view easement in McCaskill's deed at the time it gave the partial release. The court did find, however, that First Federal had constructive notice of the view easement from the time of the recording of the deed, that the view easement was valid, and that the appellant's mortgage was subject to it. While we agree with the finding that the easement was valid we do not agree that it is entitled to priority over the prior recorded mortgage of the appellant.

■■ It has long been the law in this State that nothing can be done by the mortgagor, subsequent to the execution of a valid mortgage, which can impair the rights of the mortgagee. *Deming Investment Co.* v. *Bank of Judsonia*, 170 Ark. 65, 68, 278 S.W. 634 (1926). The mortgagor can make no contract respecting the mortgaged property which would bind the mortgagee or prejudice his rights. *Baker-Matthews Lumber Co.* v. *Bank of Lepanto*, 170 Ark. 1146, 282 S.W. 995 (1926). "Under this rule, it is beyond the power of the mortgagor to disturb the priority of the mortgage after its execution. Accordingly, dealings of the mortgagor with a third person, subsequent to the execution of the mortgage, cannot affect prejudicially the rights of the mortgagee." 55 Am. Jur. 2d *Mortgages* § 323 (1971). *See also Whittington* v. *Flint*, 43 Ark. 504 (1884). Furthermore, a mortgagee, after having his deed recorded, it is not required to search the record from time to time to see whether other encumbrances have been put upon the land. *Birnie* v. *Main*, 29 Ark. 591 (1874).

The appellees contend that appellant's claim that its mortgage takes priority over the view easement is barred by acquiescence, waiver, laches, or estoppel and also rely on the maxim "he who seeks equity must do equity." The chancellor apparently did not base his holding on any of these grounds, and on our de novo review, we can find no basis in the record for doing so.

■ Our conclusion is that the appellant's mortgage was entitled to priority as a matter of law and we therefore reverse and remand the case to the trial court for the entry of a decree consistent with this opinion.

Reversed and Remanded.

COOPER and ROGERS, JJ., agree.