Carroll GRAVETT, Pulaski County Sheriff
*v.* Judge Mary Spencer McGOWAN

94-263                                      886 S.W.2d 606

Supreme Court of Arkansas
Opinion delivered November 7, 1994

*Nelwyn Davis* and *Pamela D. Walker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Dinah M. Dale*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appealing from an order in a mental health commitment proceeding, Pulaski County Sheriff Carroll Gravett claims that the Probate Court exceeded its authority by ordering him to transport a civil mental health respondent to a location outside of Pulaski County. We dismiss this action because the Sheriff lacked standing either to participate in the probate court proceedings below or to appeal the court's orders.

Sheriff Gravett appeals from two transport orders issued by Pulaski County Probate Judge Mary Spencer McGowan during the course of certain probate proceedings involving a mental health commitment. He makes four assignments of error which can be consolidated into one issue: whether the trial court exceeded its authority by ordering him to transport an individual subject to mental health commitment to a place outside of Pulaski County.

On December 3, 1993, Judge McGowan conducted a hearing pursuant to Act 861 of 1989, as codified in Ark. Code Ann. § 20-47-215 (1987), relating to an involuntary commitment of an individual to a mental health center. Finding that the party was still affected by mental disease or defect and that he continued

to present a clear and present danger to himself and others under the act, Judge McGowan ordered him committed to "the Little Rock Community Mental Health Center/Southwest Arkansas Counseling and Guidance Center/Split Rail Residential-Care facility/or other appropriate facility for an additional period not to exceed one hundred eighty (180) days." This order also directed that Sheriff Gravett deliver the party from his residence in Little Rock to the Split Rail facility in Prescott, Arkansas.

On the following day, December 7, 1993, Sheriff Gravett filed a motion in the probate proceedings to set aside the trial court's transport order and requested a hearing. A response to the Sheriff's motion was filed on behalf of the State of Arkansas by the Office of the Prosecutor Coordinator requesting that the court deny the Sheriff's motion and forthwith direct him to execute the court's order. (Neither Sheriff Gravett nor the State of Arkansas were parties to the litigation, nor did they intervene as party litigants.)

On December 16, 1993, the court issued its order denying the motion and directed the Sheriff to transport the party in question to the residential-care facility in Prescott. The Sheriff immediately complied, and when the facility refused admission due to the party's involuntary status, the Sheriff's deputies returned the party to Pulaski County.

On December 22, the trial court again ordered the Sheriff to deliver the party to the facilty. The order provided in part that "[u]nder no circumstances shall the Sheriff return [the party] to his residence in Pulaski County." Again, the Sheriff's office transported the party to the facility and, again, admission was refused. On this occasion, Sheriff's deputies left the party in Prescott.

Although Sheriff Gravett complied with both of the probate judge's orders of transport, he now files an appeal on his own behalf, asking this court to declare that he was under no duty to do so.

Sheriff Gravett did not have standing in these proceedings as a party litigant, nor did he have standing to appeal under the circumstances. Granted, Ark. R. Civ. P. 24 permits, in part, intervention to anyone filing a timely motion where "[t]he applicant claims an interest relating to the property or transaction which

is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." *Polnac-Hartman & Associates* v. *First National Bank*, 292 Ark. 501, 731 S.W.2d 202 (1987).

Stated another way, an intervention is a proceeding by which a person, not originally a party to an action, is permitted to and does become a party to the pending proceeding for the protection of some right or interest alleged by him to be affected by the proceeding. *Wood Const. Co.* v. *Ford,* 258 Ark. 47, 522 S.W.2d 408 (1975). Certainly, if Sheriff Gravett thought that the trial court's action would impair or impede his duties or that his rights or interests needed protection, he could have appropriately intervened as a party to this probate proceeding under Ark. R. Civ. P. 24 and served appropriate notice of intervention as provided in Ark. R. Civ. P. 5. We have allowed intervention even after final judgment has been entered when there are "unusual or compelling circumstances" present. *See Arkansas Best Corp.* v. *General Elec. Capital Corp.*, 317 Ark. 238, 878 S.W.2d 708 (1994); *UHS of Arkansas, Inc.* v. *City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988). Even so, no motion to intervene was ever filed in this case.

Since Sheriff Gravett failed to intervene in these proceedings, he lacks standing to appeal to this court.

Appeal dismissed.