ARKANSAS DEPARTMENT OF HEALTH, Dr. Sandra Nichols, Director, Henry C. Robinson, Jr., Director and State Registrar of Vital Records v. WESTARK CHRISTIAN ACTION COUNCIL, a Nonprofit Corporation

William Harrison, M.D., Planned Parenthood of Eastern Oklahoma and Western, Arkansas, Inc., Planned Parenthood of Greater Arkansas, Inc., Curtis Stover, M.D. and Little Rock Planning Services, P.A., Proposed Intervenors

94-1264                                    890 S.W.2d 582

Supreme Court of Arkansas
Opinion delivered January 17, 1995

*George Allen Harper*, for appellants.

*R. Gunner Delay*, for appellee.

*Bettina E. Brownstein*, for proposed intervenors.

PER CURIAM. Appellants Arkansas Department of Health, Dr. Sandra Nichols, and Henry C. Robinson, Jr. are appealing an order granting an FOIA request to appellee Westark Christian Action Council for the release of statistical reports relating to termination of pregnancies, which reports are made pursuant to Ark. Code Ann. § 20-18-603 (Repl. 1994). Proposed intervenors William Harrison, M.D., Planned Parenthood of Eastern Oklahoma and Western Arkansas, Inc., Planned Parenthood of Greater Arkansas, Inc., Curtis Stover, M.D., and Little Rock Planning Services, P.A. have moved to intervene in this appeal pursuant to Ark. R. Civ. P. 24 and assert that they have an interest in the subject matter of the appeal and that their interest in protecting the identity of physicians and patients, especially in rural communities, is not adequately protected by the appellants. Alternatively, proposed intervenors contend that they have defenses involving questions of law and fact in common with the main action. The motion to intervene was not made in the trial court but was filed in this court on November 21, 1994, which was four days after the record was lodged in this appeal.

Appellee Westark Christian Action Council responds that the proposed intervenors have failed to demonstrate that they are entitled to intervene either as a matter of right or by permission under Ark. R. Civ. P. 24 and that in any case they are procedurally barred due to untimeliness because they failed to seek intervention before the trial court.

Though the primary concern of the proposed intervenors which relates to the identity of physicians and patients does indeed appear to also be an issue of concern to the appellants based on the minutes of the Board of the Arkansas Department of Health dated August 25, 1994, we first must address the timeliness of the motion under Ark. R. Civ. P. 24. When there are "unusual and compelling" circumstances, we will permit intervention even after a final judgment has been entered. *See, e.g., UHS of Arkansas, Inc.* v. *City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988). In the UHS case, however, the motion to inter-

vene was made initially to the trial court and denied.

■ More recently, we determined to treat a third party's application filed post-judgment to unseal a sealed settlement agreement as a motion to intervene and further observed that the timeliness of intervention rested within the discretion of the trial court. *Arkansas Best Corp.* v. *General Electric Capital Corp.*, 317 Ark. 238, 878 S.W.2d 708 (1994). But, again, in that case the application by the third party, which we considered as a motion to intervene, was first filed in the trial court. Even more recently, we declined to address claims made by the Pulaski County Sheriff relating to cost reimbursement because he had no standing to raise the issue and had never moved to intervene. *Gravett* v. *McGowan*, 318 Ark. 546, 886 S.W.2d 606 (1994); *see also Haberman* v. *Lisle*, 318 Ark. 177, 884 S.W.2d 262 (1994) (unnamed class member could not appeal because of lack of standing and failure to intervene individually at the trial court level). In *Gravett*, we specifically referred to the sheriff's failure to intervene "as a party to this probate proceeding." 318 Ark. at 549, 886 S.W.2d at 605.

■ Because there was no motion to intervene filed in the trial court before that court lost jurisdiction of the case, we deny proposed intervenors' motion for lack of timeliness. Though, admittedly, this matter has been on something of a fast track with the complaint being filed on July 28, 1994, and a decision rendered on August 18, 1994, there was still ample time for the proposed intervenors to raise their motion to the trial court before the record was filed in this court on November 17, 1994. Furthermore, there are no compelling or unusual circumstances presented to us which would mandate our consideration of a motion to intervene at this stage of the proceedings. We have previously granted interventions in appeals at the behest of the State Attorney General for public policy reasons but only in that limited instance. *See, e.g., Henry* v. *Eberhard*, 309 Ark. 336, 832 S.W.2d 467 (1992); *Duhon* v. *Gravett*, 302 Ark. 358, 790 S.W.2d 155 (1990); *Olmstead* v. *Logan*, 298 Ark. 421, 768 S.W.2d 26 (1989).

We grant proposed intervenors' leave to file briefs as *amici curiae*, with the briefs to be due 20 days from date of this opinion.

HOLT, C.J., and NEWBERN, J., not participating.