NATIONAL ENTERPRISES, INC., and
Horace M. and Betty J. Nix
*v.* UNION PLANTERS NATIONAL BANK OF MEMPHIS

95-165                                              910 S.W.2d 691

Supreme Court of Arkansas
Opinion delivered December 4, 1995

*Taylor & Montgomery*, by: *Joel Taylor*; and *Wilson & Assoc.s, P.A.*, by: *Robert M. Wilson, Jr.*, for appellants.

*Friday, Eldredge & Clark*, by: *Meredith Catlett* and *Harry Light*, for appellee.

DONALD L. CORBIN, Justice. Appellants, National Enterprises, Inc. ("NEI"), and Horace M. and Betty J. Nix, appeal the order of the Garland County Chancery Court denying their post-judgment motion to intervene in this foreclosure action pursuant to ARCP Rule 24. Jurisdiction of this appeal is properly in this court as a case in which the interpretation or construction of Rule 24 is in question. Ark. Sup. Ct. R. 1-2(a)(3). Because we affirm the chancellor's threshold determination that the motion to intervene was untimely, we need not address other arguments raised in this appeal. *Employers Nat'l Ins. Co.* v. *Grantors to the Diaz Refinery PRP Comm. Site Trust*, 313 Ark. 645, 855 S.W.2d 936 (1993); *Cupples Farms Partnership* v. *Forrest City Prod. Credit Assoc.*, 310 Ark. 597, 839 S.W.2d 187 (1992).

The decision as to the timeliness of a motion to intervene belongs to the trial court and is not reversed absent an abuse of discretion. *Arkansas Best Corp.* v. *General Elec. Capital Corp.*, 317 Ark. 238, 878 S.W.2d 708 (1994); *Cupples Farms Partnership*, 310 Ark. 597, 839 S.W.2d 187. With respect to post-judgment motions to intervene, the general rule is that "intervention will be allowed only upon a strong showing of entitlement by

the applicant or a demonstration of unusual and compelling circumstances and the courts have shown a strong reluctance to grant intervention after a final judgment." *UHS of Arkansas, Inc.* v. *City of Sherwood*, 296 Ark. 97, 102, 752 S.W.2d 36, 38 (1988). *Accord Arkansas Dep't of Health* v. *Westark Christian Action Council*, 319 Ark. 288, 890 S.W.2d 582 (1995); *Arkansas Best Corp.*, 317 Ark. 238, 878 S.W.2d 708. We find that appellants have not met that test.

Appellee, Union Planters National Bank of Memphis, commenced this foreclosure action in 1988 with respect to certain real and personal property referred to as the Lake Hamilton Resort and Conference Center, formerly known as the Hot Springs Sheraton (the "Hotel"). The foreclosure action was based upon a mortgage and security agreement made on August 12, 1983, between appellee, as mortgagee, and Painter's Point Development Company Limited Partnership ("Painter's Point"), as mortgagor, and filed for record on August 12, 1983. In 1990, the chancellor entered a foreclosure decree that awarded a money judgment for appellee against Painter's Point, declared appellee's interest superior to all other interests in the Hotel, and mandated the sale of the Hotel by public auction; a subsequent order confirmed the sale of the Hotel to appellee.

On July 7, 1994, appellants filed their motion to intervene, seeking intervention as a matter of right under Rule 24.[1] Appellants filed a complaint for intervention on August 30, 1994. In their pleadings, appellants alleged that NEI owns the unsold time-share units and the Nixes are time-share unit owners in a condominium located on property that is adjacent to and surrounded by the Hotel (the "Condominium"). Appellants claimed an interest in the Hotel, for purposes of Rule 24, based primarily upon a written agreement purporting to create a nonexclusive license for the benefit of certain time-share unit owners in the Condominium with respect to the Hotel (the "License Agreement").

---

[1]Rule 24 provides, in pertinent part:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Appellants alleged that their interest in the Hotel, pursuant to the License Agreement, entitled them to notice and to be made parties to the foreclosure action, that appellee's failure to do so operated as a fraud against them, and, therefore, the foreclosure sale and decree should be set aside pursuant to ARCP Rule 60.

The License Agreement was made on June 20, 1985, between Lakeshore Resort and Yacht Club Limited Partnership ("Lakeshore") and Painter's Point. The License Agreement extended to and included the successors and assigns of each signatory. The License Agreement expressly conveyed the use, enjoyment and benefit of all recreational amenities and twenty unidentified parking spaces owned by Painter's Point and employed in the operation of the Hotel to Lakeshore as an irrevocable nonexclusive grant of license. The License Agreement recited that the use of the recreational amenities and parking facilities would be extended to each timeshare condominium purchaser that purchased from Lakeshore. A memorandum of agreement, subsequently executed by Lakeshore and Painter's Point, acknowledged the terms of the License Agreement.

After a hearing, the chancellor dismissed appellants' motion to intervene by order filed on October 31, 1994. This appeal arises therefrom.

Entitlement to intervene as a matter of right requires that the applicant establish a sufficient interest in the property that is the subject of the action. *UHS of Arkansas, Inc.*, 296 Ark. 97, 752 S.W.2d 36. Here, the chancellor ruled that appellants failed to timely exercise a sufficient interest in the Hotel. We cannot find that the chancellor's ruling was clearly erroneous. First, the record fails to provide any proof of appellants' purported time-share ownership interests in the Condominium, *e.g.*, a document of title, or that their purported ownership interests were acquired from Lakeshore, and, therefore, were subject to the License Agreement. Second, the record reveals that the License Agreement was entered into after the date of recordation of appellee's mortgage and security agreement. *See Amstar/First Capital, Ltd.* v. *McQuade*, 42 Ark. App. 185, 187, 856 S.W.2d 326, 327 (1993) ("It has long been the law in this State that nothing can be done by the mortgagor, subsequent to the execution of a valid mortgage, which can impair the rights of the mortgagee.") Third, the

record reveals that, in separate litigation between NEI and the Hotel's apparent current owner, Lake Hamilton Resort, Inc., the chancellor held that the License Agreement did nothing more than create a license without any estate or interest in the Hotel; the record fails to reveal that any appeal therefrom was perfected.[2]

An additional factor in establishing entitlement to intervene as matter of right is whether the applicant's interest is adequately represented by the existing parties to the litigation. *UHS of Arkansas, Inc.*, 296 Ark. 97, 752 S.W.2d 36. An interest is adequately represented when the interest of a party to the litigation is identical or not significantly different from that of the proposed intervenors. *Id.* The record reveals that Lakeshore was named and duly served with a summons as a party-defendant by appellee in the foreclosure proceedings, but made no appearance. Logically, as a signatory to the License Agreement and appellants' purported predecessor-in-title with respect to the Condominium, its interest in the Hotel was identical to or not significantly different from that of appellants. Appellants, however, do not address the issue of whether their interest was adequately represented by Lakeshore for purposes of Rule 24.

Although the foreclosure action proceeded to judgment approximately four years before their motion to intervene was filed, appellants argued that they acted timely because the Nixes attempted to intervene shortly "after they were denied access to utility services and the use of recreational factualities [sic] as part of their time share unit" and because NEI did not acquire its interest in the Condominium until May 1994. We do not consider this argument due to appellants' failure to provide any proof of the date of acquisition of their purported ownership interests in the Condominium, or of any denial of their alleged rights under the License Agreement. Appellants also argue that they and more than one thousand other condominium unit owners will be left "landlocked" and deprived of the use and enjoyment of their property if they are denied their alleged rights under the License Agreement. However, the record reveals that in the above-mentioned related litigation filed by NEI, the chancellor granted an easement by way of necessity for purposes of ingress and egress

---

[2]*National Enterprises, Inc.* v. Lake *Hamilton Resort, Inc.,* Garland County Chancery Court Case No. 94-705. Order entered August 30, 1994, as abstracted.

to NEI's property. Further, appellants' argument that their loss of the use of the unspecified recreational amenities and twenty unidentified parking spaces granted under the License Agreement constitutes an "unusual and compelling" circumstance is not persuasive.

■    The chancellor deemed the motion to intervene untimely. On this record, we find no abuse of discretion. The ruling is affirmed.