Jimmy McENTIRE and Nellie McEntire,
*Husband and Wife*; and M & M Land Company, Inc.
*v.* Alta WATKINS

CA 00-1082                                        43 S.W.3d 770

Court of Appeals of Arkansas
Division II
Opinion delivered May 9, 2001

*John C. Aldworth,* for appellants.

*The Blagg Law Firm,* by: *Ralph J. Blagg* and *Brad A. Cazort,* for appellee.

TERRY CRABTREE, Judge. This appeal arises from an order of the Van Buren Chancery Court in which the chancellor quieted title to a .60 acre strip of land in favor of the appellee, Alta Watkins, and against the appellants, Jimmy and Nellie McEntire.

The parties are adjoining landowners. An old fence runs along the southern boundary of appellee's 240 acre tract that she claims by deed. This fence, according to a survey filed by Charles Neal on June 14, 1996, overlaps onto land claimed by the appellants. Appellee exercised some dominion and control over a portion of the land located north of the fence including a house, yard, and various other buildings. In 1993, appellant, Jimmy McEntire, cut and harvested timber north of the fence and the roadway and the northeast corner of his property. Appellee filed suit to quiet title in the .60 acre strip of land. Appellee's claim was based on adverse possession. The chancellor found in favor of appellee and based her decision on the theory of acquiescence. However, appellee did not plead the issue of acquiescence, and never made a motion to conform the pleadings to the evidence. Appellants appeal this decision, arguing that it was improper for the chancellor to find in favor of appellee on the basis of acquiescence when appellee had not pled that issue. In the alternative, appellants argue that there was insufficient evidence to support a finding of the boundary line by acquiescence. We agree with appellant's first point and reverse.

We review chancery cases *de novo* on appeal, but we do not reverse the findings of the chancellor unless it is shown that they are clearly erroneous or clearly against the preponderance of the evidence. *Presley v. Presley,* 66 Ark. App. 316, 989 S.W.2d 938 (1999). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite conviction that a mistake was committed. *Turner v. Benson,* 59 Ark. App. 108, 953 S.W.2d 596 (1997).

Appellants contend that since appellee only pled adverse possession, they were not given notice that appellee was claiming title

to the disputed property based on acquiescence. Arkansas Rule of Civil Procedure 15(b) provides as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

██ Thus, Rule 15(b) provides that where an issue is tried by the express or implied consent of the parties, it shall be treated in all respects as if it had been raised in the pleadings. However, we will not imply consent to conforming the pleadings to the proof merely because evidence relevant to a properly pled issue incidentally tends to establish an unpled one. *Heartland Community Bank v. Holt*, 68 Ark. App. 30, 3 S.W.3d 694 (1999).

It is undisputed that appellants did not expressly consent to litigating the issue of acquiescence. Thus, our only concern is whether the appellants impliedly consented to the trial of this issue. We hold they did not.

█ There is not sufficient evidence to find that the issue of acquiescence was tried by agreement. At trial, there were only occasional comments concerning acquiescence. Charles Neal, a registered land surveyor, testified that appellee had a cabin, a well, a shed, a barn, a storage building, and a cemetery on her side of the fence, and that the underbrush had been cleared out on the fence line on appellee's side of the fence. Jo Hillyer, appellee's niece, testified that she always understood the fence line was the boundary line. Thurman Elliot, a neighboring landowner, testified that he assumed that the fence marked the boundary line. Appellant, Jimmy McEntire, testified that he never recognized the fence as the boundary line, but only thought of the fence as a containment fence. We hold that this testimony was insufficient to find that appellants impliedly consented to the trial of the issue of acquiescence. As we agree with appellants that it was improper for the chancellor to decide this case based on acquiescence, we need not address appellants' argument that there was insufficient evidence to support a finding of the boundary line by acquiescence.

Reversed.

ROBBINS and VAUGHT, JJ., agree.