2009 Ark. 78

**Thomas KELLY, M.D., and Cooper Clinic, P.A., Appellants,**

v.

**ESTATE OF Kenneth EDWARDS, Sr., Deceased, Appellee.**

No. 08–1234.

Supreme Court of Arkansas.

Feb. 19, 2009.

Warner, Smith & Harris, PLC, by: Wayne Harris and Stephanie Harper Easterling, Fort Smith, for appellants.

Elliott & Smith, by: J. Timothy Smith, Fayetteville, for appellee.

ANNABELLE CLINTON IMBER, Justice.

This appeal arises from an order of the Sebastian County Circuit Court, Probate Division, denying a petition to intervene filed by Appellants Thomas Kelly, M.D., and Cooper Clinic, P.A. For the reasons stated below, we affirm.

On November 4, 2003, Kenneth Edwards, Jr. ("Edwards") filed a petition in the Circuit Court of Sebastian County, Probate Division, seeking appointment as the administrator for the estate of his deceased father. The circuit court signed an order granting the petition on November 10, 2003.

Thereafter, on November 24, 2004, Edwards, individually and as administrator of his father's estate, filed an amended complaint for wrongful death against Appel-

lants and others in Sebastian County Circuit Court, Civil Division, claiming that their negligence caused his father's death. Appellants moved for summary judgment on July 27, 2006, on grounds ⌊₂that Edwards was not qualified to serve as administrator because he was a convicted felon. Edwards responded, arguing that he was not a convicted felon as of the date he was appointed administrator because his guilty plea was taken under Act 346 of 1975, codified at Ark.Code Ann. § 16–93–303 (Repl.2006), and that pursuant to the Act, there was never an adjudication or judgment of guilt entered. Appellants filed a response, denying that Edwards was sentenced pursuant to Act 346 because "[t]he box to the right of Act 346 was not checked in the judgment and commitment order entered ... on August 20, 1996."

On October 4, 2006, the circuit court entered an order of dismissal in favor of Appellants. In the order, the court found that Edwards was a convicted felon at the time of his appointment as the administrator for his father's estate, and that in accordance with the provisions of Ark. Code Ann. § 28–48–101(b)(3) (Repl.2004), he was not qualified to serve in that capacity. In dismissing the wrongful-death action pursuant to Ark.Code Ann. § 16–62–102 (Repl.2005), the circuit court declared the order appointing Edwards as administrator to be void and ruled that the wrongful-death claims were barred by the applicable statute of limitations. See Ark.Code Ann. § 16–114–203 (Repl.2006). Edwards appealed to this court, challenging the order of dismissal. We concluded that the civil division of circuit court usurped the authority of the probate division of circuit court by its ruling that Edwards's appointment as administrator of his father's estate was void. We reversed the circuit court's summary-judgment order of dismissal, and remanded for further proceedings in accor-

dance with our opinion. *Edwards v. Nelson*, 372 Ark. 300, 275 S.W.3d ⌊₃158 (2008).

On April 4, 2008, Appellants filed a motion to intervene in the probate case where the probate division of circuit court had previously entered the order appointing Edwards administrator of his father's estate. On July 8, 2008, the circuit court entered an order denying Appellants' motion to intervene. In that order, the court concluded that (a) Appellants did not have a recognized interest in the probate proceeding, and (b) they failed to make timely application to intervene. A subsequent motion for reconsideration was also denied. Appellants now bring the instant appeal. We have jurisdiction over this case pursuant to Ark. Sup. Ct. R. 1–2(b)(5) as it involves significant issues needing clarification or development of the law.

Appellants raise four points of error on appeal: (1) the probate court abused its discretion in denying Appellants' motion to intervene as a matter of right; (2) the probate court abused its discretion in denying Appellants' motion to intervene under permissive intervention; (3) the probate court abused its discretion in finding that Appellants' motion to intervene was untimely; and (4) the probate court abused its discretion in denying Appellants' motion for reconsideration.

The procedure for intervention is set forth in Rule 24 of the Arkansas Rules of Civil Procedure, which provides in pertinent part:

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and ⌊₄he is so situated that the disposition of the action may as a practical matter

impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Ark. R. Civ. P. 24 (2008).

■■■ A threshold question in determining whether intervention shall be allowed under either Rule 24(a) or Rule 24(b) is whether application was made in a timely manner. *Milberg, Weiss, Bershad, Hynes, & Lerach, LLP v. State,* 342 Ark. 303, 28 S.W.3d 842 (2000). The issue of timeliness is a matter well within the sound discretion of the trial court and is subject to reversal only where that discretion has been abused. *Id.* Timeliness is to be determined from all the circumstances, and there are three factors that a trial court must consider: (1) how far have the proceedings progressed; (2) has there been any prejudice to other parties caused by the delay; and (3) what was the reason for the delay. *McLane Co. v. Davis,* 342 Ark. 655, 33 S.W.3d 473 (2000). In the

matter on appeal here, the probate division of circuit court concluded that Appellants' petition to intervene was untimely.

■■■ First, Appellants' petition to intervene was filed almost four years after the order appointing the administrator was filed. The circuit court found that, after the administrator was appointed in November 2003 and the wrongful-death suit was filed in the civil division of circuit court in November 2004, Appellants did not raise the issue of the validity of the administrator's appointment until they filed a summary-judgment motion in July 2006. Further, the court found that, even before Appellants filed their motion for summary judgment, the time for contesting the appointment order had expired.

Second, because it had been more than five years since Edwards was appointed administrator and more than four years since he brought the lawsuit on behalf of his father's estate, the estate could be prejudiced if Appellants were permitted to intervene. Specifically, in the event the court determined that Edwards was not qualified to serve as administrator pursuant to Ark.Code Ann. § 28–48–101(b)(3) (Repl.2004), the wrongful-death action would be subject to dismissal under Ark. Code Ann. § 16–62–102 (Repl.2005). Furthermore, the estate would be barred from refiling the wrongful-death action by the applicable statute of limitations. *See* Ark. Code Ann. § 16–114–203 (Repl.2006).

With regard to the third factor a trial court must consider in determining timeliness, the circuit court was unpersuaded by Appellants' arguments as to the reason for the delay. Appellants did not raise the issue of the validity of the administrator's appointment until almost two years after Edwards filed the wrongful-death action. The probate court concluded that Appellants' application to intervene was untimely. Appellants, nonetheless, argue that

they did not receive notice of Edwards's guilty plea until a newspaper published the information on July 19, 2006.

With regard to the timeliness of Appellants' challenge, the chronology of events is as follows:

- August 20, 1996 Edwards pled guilty to one felony theft-of-property charge, and one second-degree forgery charge, also a felony, in Washington County Circuit Court.

- August 23, 1996 The Washington County Circuit Court entered a judgment and disposition order based on Edwards's guilty plea.

- November 15, 1996 Edwards petitioned this court to remove him from the list of attorneys licensed to practice law in the State of Arkansas. In that petition, he acknowledged that his conviction was a violation of Rule 8.4(b) of the Arkansas Rules of Professional Conduct.

- November 10, 2003 Edwards was appointed administrator of his father's estate by Sebastian County Circuit Court, Probate Division.

- November 24, 2004 Edwards, both individually and as the administrator of his father's estate, filed an amended complaint for wrongful death against Appellants in Sebastian County Circuit Court.

- October 10, 2005 In the wrongful-death case, Edwards acknowledged in deposition testimony that he had been charged with theft and forgery in Washington County, but claimed that there had been no conviction of record and that the file was sealed.

- November 9, 2005 The Washington County Circuit Court entered an order granting Edwards's petition to expunge or seal his record of the negotiated plea of guilty and sentencing under Act 346 of 1975.

- July 19, 2006 Publication of newspaper article disclosing that Edwards had surrendered his attorney's license as a result of a prior guilty plea.

- July 27, 2006 Appellants filed a motion for summary judgment in the wrongful-death case on grounds that Edwards was not qualified to serve as administrator because he was a convicted felon.

Appellants were named as defendants in the wrongful-death action in November, 2004. At any time thereafter, they could have investigated the status of Edwards's qualification to serve as the administrator of his father's estate. Both the judgment and disposition order based on Edwards's plea of guilty and the petition to surrender his license to practice law were matters of public record. In any event, Appellants became aware of the issue in October 2005, when Edwards disclosed in deposition testimony that he had surrendered his license to practice law in connection with the filing of theft and forgery charges against him in Washington County. If Appellants had pursued a timely investigation of the public records maintained by the Washington County Circuit Clerk and the Arkansas Supreme Court Clerk's Office, they could have confirmed the status of Edwards's criminal record before November 9, 2005, when the Washington County Circuit Court entered its order sealing the record. Yet, Appellants delayed almost two years after being named as defendants in the wrongful-death action before they challenged Edwards's appointment, albeit in the wrong division of circuit court. *Edwards v. Nelson, supra.*

Given all the facts and circumstances of this case, we cannot say that the probate

judge abused his discretion in finding that Appellants' petition to intervene was untimely. Because we affirm the probate judge's threshold determination that the petition to intervene was untimely, we need not address the other arguments raised in this appeal. *Nat'l Enters., Inc. v. Union Planters Nat'l Bank of Memphis,* 322 Ark. 590, 910 S.W.2d 691 (1995).

Affirmed.