2010 Ark. App. 505
**Gail PARKERSON, Appellant**

v.

**Janet BROWN; Thomas and Blanche Choate; Harlan and Mary Hankins, Appellees.**

**No. CA 09–871.**

Court of Appeals of Arkansas.

June 16, 2010.

Gail Parkerson, Hot Springs, pro se.

Bruce B. Tidwell, Friday, Eldredge & Clark, LLP, Little Rock, Gary C. Miller, Hot Springs, for appellees.

WAYMOND M. BROWN, Judge.

Gail Parkerson appeals from an order denying her motion to intervene in a title-confirmation action filed by appellee Janet Brown. Brown petitioned the circuit court to confirm title to land she bought at a tax sale, but she did not join Parkerson, who had an easement over the property, or appellees Thomas and Blanche Choate, who owned part of the property. The Choates eventually intervened in the action and executed a consent judgment with Brown that divided the land between them. Parkerson discovered the consent judgment and moved to intervene, but the circuit court denied her motion, leading to this appeal. We reverse and remand with directions to allow Parkerson's intervention.

Parkerson owns a lot in Hot Springs that has been in her family since the 1950s. The lot is bordered on the east by Bayshore Drive and on the west by Lake Hamilton. Parkerson's neighbors to the southwest are the Choates. Between the two lots is a triangular tract of land whose owner has not been identified. In 1990, Parkerson filed suit in Garland County Chancery Court claiming adverse possession of the tract. In a 1992 order, the chancellor denied Parkerson's claim but ruled that she and three other persons had an easement over the majority of the property. The chancellor directed the Garland County tax assessor to determine who owned and used the easement and to prorate the taxes accordingly. The chancellor also quieted title in a portion of the property to the Choates' predecessors, Samuel and Phyllis Fullerton. The portion was described as the "real property evidenced by a line in a southwesterly direction from the metal pin on the road to the end of the rock sea wall." The court's order stated that the exact description of the Fullerton property and the disputed easement would be established by a future survey. The record does not indicate that the survey ever took place.

The county assessor attempted to follow the court's order by listing Parkerson and others as the owners of an easement, described on some records as Parcel 4688. According to Parkerson, she duly paid her taxes on the parcel. In 1997, the Choates bought the Fullerton property and commissioned a survey, which reflected their ownership of a strip of land along their eastern border that was "obtained in Chancery Court No. 90–453–J." The survey made no findings regarding the easement.

At some point thereafter, the county assessor forfeited Parcel 4688 to the State Land Commissioner for nonpayment of taxes. The assessor's office would later acknowledge that Parkerson's name was erroneously omitted from its tax records in 2001. In 2004, Janet Brown bought Parcel 4688 at a tax sale for $5000, plus $101.31 in

unpaid taxes. Nothing in the record indicates that Parkerson was afforded notice of the tax delinquency or the tax sale. On May 8, 2007, Brown filed a petition to confirm title to the property in herself. Despite having a deed from the Land Commissioner that contained only a brief identification of the property, Brown's petition set forth a complete metes-and-bounds description that matched the description of the tract at issue in the 1990 chancery case—the property over which Parkerson obtained an easement and the Choates obtained partial ownership (through their predecessors, the Fullertons). Brown named Harlan and Mary Hankins, who were listed in the tax records on Parcel 4688, as defendants, but she did not name Parkerson or the Choates. She did, however, publish notice of her petition in the newspaper once a week for four weeks as required by law.[1]

The Hankinses did not respond to Brown's petition, and the circuit court entered an order confirming title in Brown, using the metes-and-bounds description in Brown's petition. Rather quickly, the Choates discovered Brown's claim of ownership and moved to intervene. The circuit court allowed the intervention and set aside the title-confirmation order. On May 22, 2008, Brown and the Choates entered into a consent judgment that essentially vested the Choates with title to the land obtained by the Fullertons in the 1992 chancery order and vested Brown with title to the remainder of the tract. Parkerson learned of the situation two months later and moved to intervene, claiming an interest in the property by virtue of her easement and adverse possession both before and after the 1992 decree. Parkerson asserted that the failure to notify her of the tax-delinquency and title-confirmation proceedings deprived her of due process; that Brown's deed from the Land Commissioner lacked a valid description; and that Brown made misrepresentations to the court in order to obtain title to the parcel. She also submitted an affidavit stating that she was the only person who had used and maintained the subject property following the 1992 order and that she had contacted the assessor yearly since that time to ascertain her tax obligation and pay it in full. The circuit court denied Parkerson's motion to intervene, and this appeal followed.[2]

Upon a timely application, anyone shall be permitted to intervene in an action when she claims an interest relating to the property or transaction that is the subject of the action, and she is so situated that the disposition of the action may as a practical matter impair or impede her ability to protect her interest, unless her interest is adequately represented by existing parties.[3] Intervention as a matter of right cannot be denied.[4]

A threshold requirement for intervention of right is a timely application.[5] Timeliness is to be determined from all of the circumstances in a case, and the trial court should consider how far the proceedings have progressed; whether there has been any prejudice to other parties caused by the delay; and the reason for

1. Ark.Code Ann. § 18–60–603(a)(2) (Supp. 2009).

2. The denial of a motion to intervene is an appealable order. *Nw. Ark. Area Agency on Aging v. Golmon,* 70 Ark. App. 136, 15 S.W.3d 363 (2000).

3. Ark. R. Civ. P. 24(a)(2) (2010).

4. *Midland Dev., Inc. v. Pine Truss, Inc.,* 24 Ark. App. 132, 750 S.W.2d 62 (1988).

5. *Kelly v. Estate of Edwards,* 2009 Ark. 78, 312 S.W.3d 316.

the delay.[6] Our courts are reluctant to grant intervention after a final judgment is entered, but post-judgment intervention may be allowed upon a strong showing of entitlement or a demonstration of unusual and compelling circumstances.[7]

In this case, Parkerson makes a strong showing of both entitlement and unusual and compelling circumstances. She owned an easement in property sold at a tax sale, and an easement is an interest in land.[8] Our case law has consistently recognized the importance of a person with an interest in land being notified of and made a party to legal controversies involving that land.[9] It is also noteworthy that Parkerson's late attempt at intervention was not attributable to a lack of diligence on her part. The assessor's office erroneously deleted her from its tax rolls in 2001, which led to her not being officially notified of the 2004 tax sale or the 2007 title-confirmation action. Moreover, Parkerson attempted to intervene immediately upon learning of the situation. Under these circumstances, we see no reason why Parkerson should be denied post-judgment intervention.

Parkerson also meets the other elements required for intervention under Rule 24(a)(2): she claims an interest in the subject property through easement and adverse possession; her interest was not represented by the existing parties, as shown by their execution of a consent judgment that divided the property between them; and, as the owner of the easement and an adverse claimant, she is so situated that the disposition of the title-confirmation case may, as a practical matter, impair her ability to protect her interest. Appellees argue that Parkerson lacks an interest in this case because her adverse-possession claim was denied in 1992 and is thus barred by res judicata. However, res judicata requires a final judgment on the merits.[10] Without conclusively deciding the issue—given that there may be facts we are not privy to on this record—we note that the finality of the 1992 order is highly questionable. The order directed the county assessor to determine the ownership and usage of the easement, thus contemplating further action in the case, and the order failed to describe the easement or any of the property involved with the requisite specificity, such that the property could be identified solely by reference to the decree.[11] The court ordered a survey, but there is no indication that a survey was conducted pursuant to that order.[12] Consequently, a distinct possibility exists that the order was not final, which diminishes the viabili-

6. *Id.*

7. *UHS of Ark. v. City of Sherwood,* 296 Ark. 97, 752 S.W.2d 36 (1988).

8. *Hatfield v. Ark. W. Gas Co.,* 5 Ark. App. 26, 632 S.W.2d 238 (1982).

9. *See generally Koonce v. Mitchell,* 341 Ark. 716, 19 S.W.3d 603 (2000); *RWR Props., Inc. v. Mid–State Trust VIII,* 102 Ark. App. 115, 282 S.W.3d 297 (2008); *Williams v. Hall,* 98 Ark. App. 90, 250 S.W.3d 581 (2007). *See also* Ark. R. Civ. P. 19 (joinder of necessary parties).

10. *Powell v. Lane,* 375 Ark. 178, 289 S.W.3d 440 (2008).

11. *See Petrus v. Nature Conservancy,* 330 Ark. 722, 957 S.W.2d 688 (1997).

12. *Id.; Greenway Land Co. v. Hinchey,* 2010 Ark. App. 330, 2010 WL 1487291 (holding that an order was not final where the court intended to resolve the property description through a future survey). *Cf. Boyster v. Shoemake,* 101 Ark. App. 148, 272 S.W.3d 139 (2008); *Jennings v. Burford,* 60 Ark. App. 27, 958 S.W.2d 12 (1997) (determining that an order was final where it referenced an already existing survey and simply required modification to insert a more specific description).

ty of res judicata as a ground for denying Parkerson's intervention. Furthermore, Parkerson's adverse-possession claim was based not only on her pre–1992 activities on the property but also on her activities in the ensuing sixteen years following the entry of the 1992 order.[13]

Appellees also argue that the disposition of the present action will not, as a practical matter, impair or impede Parkerson's ability to protect her interest in the easement. They point out that Parkerson could assert her easement in a separate lawsuit if a third party interfered with her rights. We are not persuaded. Parkerson should be afforded the opportunity to sort out her interests and the interests of other persons in Parcel 4688 now, before time and other factors alter the status quo and diminish her rights through claims of waiver or superior entitlement.[14]

For these reasons, we reverse and remand with orders to allow Parkerson's intervention. Parkerson asks that we quiet title in her to the subject property, but a ruling on the merits of her claims would be premature at this point. Our decision is limited to Parkerson's right to intervene so that she may develop and try her issues in circuit court.[15]

Reversed and remanded.

KINARD and BAKER, JJ., agree.

---

**13.** Appellees urge that Parkerson abandoned her adverse-possession claim at a hearing when her attorney allegedly conceded that the claim was barred by res judicata. Our reading of the attorney's remarks does not convince us that Parkerson made a definite waiver of her adverse-possession claim.

**14.** We note, for example, that Brown has already sold her interest in the property.

**15.** Parkerson also asks us to hold that Brown's failure to notify her of the title-confirmation action deprived the circuit court of subject-matter jurisdiction. We decline to do so, given that Brown published notice of her action as required by Ark.Code Ann. § 18–60–603(a)(2) (Supp.2009). *Cf. Koonce, supra* (dismissing where the plaintiff failed to meet any of the statutory requirements for notice of a quiet-title action).