# SUPREME COURT OF ARKANSAS

No. CV–14–576

|  |  |
|---|---|
| FORT SMITH SCHOOL DISTRICT; GREENWOOD SCHOOL DISTRICT; ALMA SCHOOL DISTRICT; AND VAN BUREN SCHOOL DISTRICT<br><br>APPELLANTS<br><br>V.<br><br><br>DEER/MT. JUDEA SCHOOL DISTRICT<br><br>APPELLEE | **Opinion Delivered** November 20, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-10-6936]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br>AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellants Fort Smith School District; Greenwood School District; Alma School District; and Van Buren School District (collectively "Fort Smith"), appeal from the circuit court's order denying their motion to intervene as a matter of right in the litigation of appellee Deer/Mt. Judea School District ("Deer/Mt. Judea").[1] The sole point on appeal is that the circuit court erred in denying intervention as a matter of right. This court has previously recognized a right to appeal from the denial of a motion to intervene as a matter of right under Arkansas Rule of Appellate Procedure–Civil 2(a)(2). *See Duffield v. Benton Cnty. Stone Co., Inc.*, 369 Ark. 314, 254 S.W.3d 726 (2007). We affirm the circuit court's order.

The instant litigation stems from Deer/Mt. Judea's suit alleging inequities in the State's

---

[1]Mike Beebe, in his official capacity as Governor of the State of Arkansas, and others, were defendants below but are not parties to the instant appeal ("State Defendants").

school-funding practices. In its original complaint, Deer/Mt. Judea, on its own behalf and on behalf of its students and taxpayers, sought to enjoin actions by the State that Deer/Mt. Judea claimed violated state law and the Arkansas Constitution and would inevitably result in the closure of the district's schools. Specifically, Deer/Mt. Judea claimed that the State had acted contrary to state law and the constitution "by failing to provide small, remote schools adequate funding and by closing small, remote schools without considering whether their students will be denied a substantially equal opportunity for an adequate education due to excessive transportation time." Deer/Mt. Judea prayed for a variety of relief, including (1) a declaration that the State's school-funding system was inequitable and inadequate; (2) a declaration that the State's education system was inequitable and inadequate; (3) an injunction directing the State to comply with its constitutional mandates such as fully funding and implementing a system for evaluating and improving student achievement, fully funding and implementing a system for professional development, adopting a statewide system of teacher compensation to attract and retain teachers in small and remote schools, establishing a maximum transportation time for students and a process for identifying those students, removing transportation funding from foundation funding and adopting a funding system specifically for the transportation of students, removing teacher-retirement and teacher-health–insurance funding from foundation funding and paying those costs directly on behalf of the districts, and adopting rules and regulations to better enable a district unable to raise monies for its portion of facilities maintenance to pay its portion; (4) an injunction prohibiting the closure of small, remote schools and consolidating or annexing small, remote districts until the

State has remedied the constitutional violations alleged; (5) a declaration that section 32 of Act 293 of 2010 constituted local or special legislation; and (6) an injunction prohibiting the disbursement of funds pursuant to section 32 of Act 293.

Following the circuit court's grant of a motion to dismiss Deer/Mt. Judea's adequacy claims by defendant Governor Mike Beebe and the circuit court's grant of summary judgment to Deer/Mt. Judea on its special-legislation claim, Deer/Mt. Judea appealed the circuit court's rulings to this court. In *Deer/Mt. Judea School District v. Kimbrell*, 2013 Ark. 393, 430 S.W.3d 29, this court reversed the circuit court's dismissal of some of Deer/Mt. Judea's claims and remanded. This court drew a distinction between Deer/Mt. Judea's claims, stating that

> [s]ome of the acts or omissions complained of occurred after we had released the mandate in *Lake View 2007*[, 370 Ark. 139, 257 S.W.3d 879 (2007)]. The circuit court abused its discretion in dismissing these claims. However, those acts or omissions that were brought or could have been brought in the previous school-funding cases are barred by res judicata, and the circuit court did not err in dismissing them.

2013 Ark. 393, at 19, 430 S.W.3d at 44. We then held that the "circuit court erred in dismissing [Deer/Mt. Judea]'s claims . . . relating to the adequacy reports and evaluations, COLAs, transportation funding, and facilities funding based on res judicata." *Id.* at 23, 430 S.W.3d at 46.[2]

On February 12, 2014, Fort Smith filed its motion to intervene in the litigation. The motion alleged that the school districts seeking to intervene operated kindergarten-through-

---

[2]In addition, we affirmed the circuit court's striking of Deer/Mt. Judea's amended and supplemental complaint, and we held moot Deer/Mt. Judea's contention that the circuit court erred in severing only the date restriction in section 31 of Act 269 of 2012, with respect to its special-legislation claim. *See Deer/Mt. Judea*, 2013 Ark. 393, 430 S.W.3d 29.

twelfth-grade schools in Crawford and Sebastian Counties, serving anywhere from 3,278 students in Alma to approximately 14,700 students in Fort Smith. Fort Smith asserted that it agreed with Deer/Mt. Judea's contention that the State had violated state law by failing to comply with Act 57 of 2003 in evaluating whether a substantially equal opportunity for an adequate education was being afforded to Arkansas's students. The motion further alleged that

> [a]ll of the prerequisites for intervention as of right are present here. Deer/Mt. Judea schools are small, remote schools located in mountainous and sparsely populated Newton County, Arkansas, who contend State actions related to their funding will inevitably result in their closure if not corrected. By contrast, Intervenors are larger schools at the other end of the spectrum located in the more populated areas of Crawford and Sebastian Counties, Arkansas, whose funding Deer/Mt. Judea points to as being in excess of what is needed at the expense of small, remote schools like Deer/Mt. Judea.

Fort Smith noted this court's decision in *Deer/Mt. Judea* affirming the dismissal of some of Deer/Mt. Judea's claims because they could have been brought in prior school-funding cases that Fort Smith claimed Deer/Mt. Judea was not a party to. It claimed that, without intervention, it could suffer the same fate and that its interests in any adjustments made to the school-funding system could be foreclosed as a result of the litigation. Attached as an exhibit to the motion was Fort Smith's complaint in intervention. Deer/Mt. Judea responded to Fort Smith's motion, requesting that the motion be denied. Deer/Mt. Judea asserted that the motion was untimely and that Fort Smith's interests were adequately represented by the existing parties.

A hearing on Fort Smith's motion was held on June 3, 2014. At the hearing, the circuit court heard arguments from Fort Smith and Deer/Mt. Judea, while counsel for the

State Defendants informed the circuit court that they did not have a position on Fort Smith's motion. At the conclusion of the hearing, the circuit court ruled that it was going to deny the motion because it was an individual lawsuit affecting only Deer/Mt. Judea. It subsequently entered an order denying the motion, in which it made the following findings:

> 1.    The Districts' motion is untimely. Plaintiff filed its original Complaint on 3 December 2010. Defendants moved to dismiss Plaintiff's Complaint on 18 January 2011. If Plaintiff did not adequately represent the Districts' interests, the Districts should have intervened at that time. The Districts failed to justify their three year delay in seeking to intervene.

> 2.    Even if the Districts' motion was timely, the Districts do not have an interest in this case that needs to be protected. "The 'Purpose' section of Act 57 makes it clear that the amount of funding given to schools shall be based on need and not funds available." *Deer/Mt. Judea Sch. Dist. v. Kimbrell*, 2013 Ark. 393. This case is about the needs of the Plaintiff. The Court rejects the Districts' argument that satisfying the needs of Plaintiff will somehow impair the State's ability to meet the Districts' needs as well.

> 3.    Even if the Districts' motion was timely and the Districts have an interest in this case, the Districts are adequately represented by the existing parties. To the extent the Districts agree with Plaintiff, Plaintiff adequately represents their interests. To the extent the Districts agree with Defendants, Defendants adequately represent their interests. *See Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) ("The burden is greater if the named party is a government entity that represents the interests common to the public.").

Fort Smith now appeals.

As its sole point on appeal, Fort Smith argues that the circuit court erred in denying its motion to intervene. It contends that it is entitled to intervene as a matter of right because its interests are not adequately represented by either Deer/Mt. Judea or the State Defendants. Fort Smith asserts that its intervention is essential because the circuit court should hear and have the benefit of matters impacting districts of all sizes, not just those affecting smaller

5

districts like Deer/Mt. Judea. It urges that its motion to intervene was timely because it was filed just after this court's prior decision in the matter and prior to Deer/Mt. Judea's filing of an amended complaint; therefore, Fort Smith claims, no prejudice to the current parties would result.

Deer/Mt. Judea responds that Fort Smith offers no explanation for its three-year delay in seeking to intervene in the case. Moreover, it contends, Fort Smith has no interest to be protected because Deer/Mt. Judea's suit is an individual one, limited to the needs of Deer/Mt. Judea. It is not a class action, Deer/Mt. Judea avers, and for this reason, its case will have no res judicata effect on Fort Smith. Nonetheless, Deer/Mt. Judea asserts that any interest claimed by Fort Smith is adequately protected by the existing parties.

Rule 24(a) of the Arkansas Rules of Civil Procedure governs intervention of right and provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Ark. R. Civ. P. 24(a) (2014). A threshold question in determining whether intervention shall be allowed under either Rule 24(a) is whether application was made in a timely manner. *See Kelly v. Estate of Edwards*, 2009 Ark. 78, 312 S.W.3d 316. The issue of timeliness is a matter well within the sound discretion of the circuit court and is subject to reversal only where that discretion has been abused. *See id.* Timeliness is to be determined from all the circumstances, and there are three factors that a circuit court must consider: (1) how far have the proceedings

progressed; (2) has there been any prejudice to other parties caused by the delay; and (3) what was the reason for the delay. *See id.* In order to overturn the circuit court's denial of intervention on the ground of timeliness, Fort Smith must demonstrate that the court abused its discretion by making a judgment call that was arbitrary or groundless. *See Employers Nat'l Ins. Co. v. Grantors to the Diaz Refinery PRP Comm. Site Trust*, 313 Ark. 645, 855 S.W.2d 936 (1993). This it has not done.

With respect to the progression of the proceedings, the circuit court observed that a three-year delay had occurred. Indeed, Deer/Mt. Judea filed its initial complaint on December 3, 2010, and Fort Smith did not file its intervention motion until February 12, 2014—a more than three-year delay. During that delay, certain claims of Deer/Mt. Judea were dismissed, summary judgment was granted on another, and an appeal was taken.[3] Delay in asserting a right is obviously a critical factor. *See McLane Co., Inc. v. Davis*, 342 Ark. 655, 33 S.W.3d 473 (2000); *Cupples Farm P'ship v. Forrest City Prod. Credit Ass'n*, 310 Ark. 597, 839 S.W.2d 187 (1992). We think this holds especially true when the subject of the litigation is constantly evolving legislation and its effect on a small, rural individual school district.

Along those same lines, prejudice to Deer/Mt. Judea and the State Defendants is certainly a concern. The focus of the litigation is already well-established and pertains to a single district. It is an individual lawsuit and not a class action, as was the case in the seminal *Lake View* litigation. *See Lake View Sch. Dist. No. 25 v. Huckabee*, 351 Ark. 31, 91 S.W.3d

---

[3]Indeed, prior to our decision in *Deer/Mt. Judea*, 2013 Ark. 393, 430 S.W.3d 29, yet another appeal had been dismissed. *See Deer/Mt. Judea Sch. Dist. v. Beebe*, 2012 Ark. 93.

472 (2002) (noting class certification), *mandate recalled by Lake View Sch. Dist. No. 25 v. Huckabee*, 355 Ark. 617, 142 S.W.3d 643 (2004) (per curiam). Fort Smith alleges that it has concerns that have not been asserted and will not be addressed by Deer/Mt. Judea's litigation. Even if that allegation were true, we would be hard-pressed to see how a more-than-three-year delay in the addition of new claims to a lawsuit involving funding legislation and its effect on a single school district would not be prejudicial to the parties already present.

Finally, Fort Smith's justification for its delay simply does not withstand scrutiny. Fort Smith claims that it timely filed its motion after our decision in *Deer/Mt. Judea*, 2013 Ark. 393, 430 S.W.3d 29, because that decision "made clear that, upon [Fort Smith's] failure to do so, [it] risked being bound by a decision in a case to which [it was] not a party." That position, however, simply holds no water. The claims made by Deer/Mt. Judea that we held were barred by res judicata were barred because the claims could have been litigated in the *Lake View* cases. *See Deer/Mt. Judea*, 2013 Ark. 393, 430 S.W.3d 29. Those claims could have been litigated by Deer/Mt. Judea in those cases because, as already set forth, the *Lake View* case was a class-action suit, "which included all school districts in the state." 351 Ark. at 43, 91 S.W.3d at 478. In contrast, the instant matter was brought by Deer/Mt. Judea by and for itself and is not a class-action. To that end, Fort Smith would not be subject to the doctrine of res judicata as it relates to the disposition of Deer/Mt. Judea's complaint.[4] *See,*

---

[4]Fort Smith's additional claim that without intervention it could be subject to stare decisis is speculative at best and an insufficient reason to allow intervention as a matter of right in this case. *See Billabong Prods., Inc. v. Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983).

*e.g.*, *UHS of Arkansas, Inc. v. City of Sherwood*, 296 Ark. 97, 103, 752 S.W.2d 36, 39 (1988) ("One who does not intervene, whether or not by right, is not at risk of being bound by the litigation and is not subject to res judicata.").

The objective of our rules of procedure is the orderly and efficient resolution of disputes. *See Employers Nat. Ins.*, 313 Ark. 645, 855 S.W.2d 936. *See also* Ark. R. Civ. P. 1 (2014). "In order to accomplish this mission, trial courts are accorded discretion, within reasonable limits, to require timely action and to deny efforts which would frustrate the achievement of those goals." *Employers Nat. Ins.*, 313 Ark. at 652, 855 S.W.2d at 940. Given the facts and circumstances of this case, we cannot say that the circuit court abused its discretion in denying the motion for intervention as untimely. Because we affirm the circuit court's order on the basis of untimeliness, we need not address the remainder of Fort Smith's argument. *See, e.g.*, *Kelly*, 2009 Ark. 78, 312 S.W.3d 316; *Ballard v. Garrett*, 349 Ark. 371, 78 S.W.3d 73 (2002).

Affirmed.

*Thompson and Llewellyn, P.A.*, by: *William P. Thompson* and *James M. Llewellyn, Jr.*, for appellants.

*John C. Fendley, Jr. P.A.*, by: *Clay Fendley*; and *Lewellen & Associates*, by: *Roy C. "Bill" Lewellen*, for appellees.