Cite as 2024 Ark. App. 463

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-23-249

| | |
|---|---|
| TOMMY CONDER AND CONDER CATTLE COMPANY, LLC<br>APPELLANTS<br><br>V.<br><br>JANET CONDER AND CHAD CONDER<br>APPELLEES | Opinion Delivered October 2, 2024<br><br>APPEAL FROM THE INDEPENDENCE COUNTY<br>CIRCUIT COURT<br>[NO. 32DR-20-209]<br><br>HONORABLE DON MCSPADDEN, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Appellants, Tommy Conder and Conder Cattle Company, LLC, appeal from an order of the Independence County Circuit Court denying their motion to intervene in a divorce case. Jan Conder filed for divorce against Chad Conder on June 15, 2020. Tommy Conder is Chad's father. On appeal, appellants argue that the circuit court erred in denying the renewed petition to intervene on February 22, 2023. We affirm.

Jan and Chad Conder were divorced by a decree entered by the Circuit Court of Independence County on June 30, 2022.[1] On September 6, 2022, Jan filed a contempt

---

[1]The divorce case, filed during the height of the COVID pandemic, spanned slightly more than two years from start to finish.

motion alleging that Chad had refused to comply with the terms of the decree that required the sale of certain marital property. Jan's motion was scheduled for trial on January 11, 2023.

On January 10, 2023, the day before the contempt hearing, appellants moved to intervene in the divorce case.[2] Neither the appellants nor their counsel attended the trial on January 11. At trial, the circuit court briefly addressed the motion to intervene and denied it as untimely. Because appellants and their counsel were not at the hearing, the circuit court received no evidence, testimony, or legal arguments to support the motion to intervene. The order denying the petition to intervene was entered on January 11, and the notice of appeal was filed thirty days later on February 10, 2023. The order denying the renewed petition to intervene was entered on February 22, 2023. The amended notice of appeal adding that order was filed the next day. The orders are immediately appealable under Rule 2(a)(2) of the Arkansas Rules of Appellate Procedure–Civil.

On appeal, appellants argue the circuit court erred in denying the motion as untimely and that they were therefore entitled to intervene pursuant to the requirements set forth in Rule 24.

Intervention allows an individual who was not initially a party to a legal action to join an ongoing case to protect a right or interest that the person claims is affected by the proceedings. *See Jack Wood Constr. Co. v. Ford*, 258 Ark. 47, 522 S.W.2d 408 (1975); *Gravett*

---

[2]The request to intervene was made approximately thirty-one months after Jan filed the complaint and approximately six months after the case concluded with the entry of the final divorce decree.

*v. McGowan*, 318 Ark. 546, 886 S.W.2d 606 (1994). Apart from the threshold timeliness requirement, Rule 24(a)(2) establishes three requirements for intervention of right: (1) the applicant must have a recognized interest in the subject matter of the primary litigation; (2) the applicant's interest might be impaired by the disposition of the suit; and (3) the applicant's interest is not adequately represented by existing parties. *Bayer Cropscience, LP v. Hooks*, 2022 Ark. 29, 638 S.W.3d 274.

The circuit court has discretion to determine the timeliness of a petition to intervene, and its decision will be reversed only when that discretion has been abused. *Ft. Smith Sch. Dist. v. Deer/Mt. Judea Sch. Dist.*, 2014 Ark. 486, 450 S.W.3d 239. An abuse of discretion occurs when a court acts arbitrarily or groundlessly. *See Emp'rs Nat'l Ins. Co. v. Grantors to the Diaz Refinery PRP Comm. Site Tr.*, 313 Ark. 645, 855 S.W.2d 936 (1993). Under this standard, an appellant must demonstrate that the circuit court's findings are "clearly erroneous or clearly against the preponderance of the evidence." *See Nissan N. Am., Inc. v. Harlan*, 2017 Ark. App. 203, at 14, 518 S.W.3d 89, 98. Appellants have not met their burden in the instant case.

In Arkansas, intervention is a regulated process governed by Arkansas Rule of Civil Procedure 24(a). *See Bayer Cropscience, LP*, *supra*. On appeal, appellants accurately cite Rule 24, but they fail to show that the circuit court's denial due to the motion's untimeliness was arbitrary or groundless.

"Timeliness" is to be determined from all the circumstances, and the court must consider how far the proceedings have progressed, whether there has been any prejudice to

the other parties caused by the delay, and the reason for the delay. *Fort Smith Sch. Dist.*, *supra*. However, attempts to intervene filed after a final judgment receive more scrutiny and should be granted only upon "a strong showing of entitlement or a demonstration of unusual and compelling circumstances." *Parkerson v. Brown*, 2010 Ark. App. 505, at 5, 379 S.W.3d 485, 488.

The question here is not necessarily about the legitimacy of the appellants' alleged interests but rather when they chose to assert it. Appellants sought to intervene in a divorce proceeding six months after it ended. Rule 24 stipulates that when a final order exists, appellants must provide the circuit court with evidence of "compelling or extraordinary reasons" to justify late intervention.

The circuit court received no such justification from the appellants, who did not attend the January 11 hearing. Their absence was not due to a lack of notice; they acknowledged the hearing date in their motion. Without submitting any countering testimony or evidence, the circuit court simply had no factual or legal basis to permit the intervention. Here, the appellants failed to present any evidence to prove a "compelling reason."

For these reasons, the circuit court's decision to deny the motion was not an abuse of discretion but a justified application of Arkansas law. The motion was untimely, and the appellants failed to present any evidence supporting a postjudgment intervention. Because we affirm the circuit court's orders on the basis of untimeliness, we need not address the

remainder of the appellants' argument. *See, e.g.*, *Kelly v. Est. of Edwards*, 2009 Ark. 78, 312 S.W.3d 316; *Ballard v. Garrett*, 349 Ark. 371, 78 S.W.3d 73 (2002).

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellants.

*Kamps & Griffis, PLLC*, by: *David W. Kamps*, for separate appellee Janet Conder.

*Grayson & Grayson, P.A.*, by: *Melanie L. Grayson* and *Keith L. Grayson*; and *Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Tom Thompson*, for separate appellee Chad Conder.