Cite as 2025 Ark. App. 258

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-24-158

| | | |
|---|---|---|
| | | **Opinion Delivered** April 23, 2025 |
| ALDO GASTELUM | | APPEAL FROM THE ST. FRANCIS |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 62CV-17-126] |
| V. | | |
| | | HONORABLE RALPH WILSON, JR., |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Aldo Gastelum appeals after the St. Francis County Circuit Court denied his motion to intervene as untimely. On appeal, appellant argues that (1) because the First Division of the St. Francis County Circuit Court acquired exclusive jurisdiction over the subject matter of this case, the Third Division's entry of default judgment is void; (2) the circuit court erred in denying his petition for intervention; (3) the circuit court's entry of default judgment without service of process or statutory notice to him is void; and (4) no person shall be deprived of life, liberty, or property without due process of law. We affirm.

I. *Relevant Facts*

This appeal stems from a civil-forfeiture action. On June 9, 2017, Arkansas State Police initiated a traffic stop of a vehicle on Interstate 40 that had no vehicle tags. Appellant and Noe Blanco were in the vehicle and consented to a search of the vehicle after the officers

noticed suspicious behavior. The officers found and seized $687,543. After being questioned about the money, appellant and Mr. Blanco signed disclaimers stating they did not have any ownership interest in the money and did not identify any other person claiming an interest in the funds.

Accordingly, on June 9, 2017, the State filed a civil-forfeiture complaint against $687,543 and John Doe pursuant to Arkansas Code Annotated section 5-64-505 (Repl. 2016). The State alleged that the property was subject to forfeiture because "it is an object of value furnished or intended to be furnished in exchange for a controlled substance or counterfeit substance in exchange or proceeds and profits traceable to such an exchange or money, negotiable instrument or security used or intended to be used for such an exchange or money further, the money was packaged in a manner consistent with known methods for concealing and transporting money resulting from, or intended for use in the illegal delivery of controlled substances."

Of particular importance to this case, appellant—despite being one of the persons from whom the funds were seized—was not joined as a party to the civil-forfeiture action. Since appellant was not joined as a party, the State did not issue appellant a summons. Instead, on June 27, 2017, and July 4, 2017, the State served the summons by publishing a warning order for two weeks. No one came forward to claim an interest in the money seized. The State filed a motion for default judgment on August 24, 2017, which the circuit court granted the same day. The circuit court stated that some of the seized money was counterfeit. The total amount accepted by the First National Bank of Wynne was $683,163. The court

2

ordered the counterfeit bills to be destroyed or delivered to the U.S. Secret Service. The remainder of the funds was distributed pursuant to Arkansas Code Annotated section 5-64-505 per court order.

More than six years after the money had been seized and the case file closed, appellant filed a series of motions. On June 23, 2023, appellant moved to set aside the default judgment and claimed that he owned the funds seized. He argued that the default judgment should be "set aside and declared void based on the many service and service of process issues, set aside due to 12(b)(6), or set aside due to the fraud, misrepresentation, or other misconduct of an adverse party as a meritorious defense exists." He further asked that his litigation costs and the $687,543 be returned to him with interest.

The State disagreed and filed its response on July 10, 2023. The State argued that appellant lacked standing to object to the forfeiture and that appellant's other arguments were misplaced. It attached a copy of appellant's signed 2017 disclaimer of any ownership interest in the seized funds.

On October 18, 2023, appellant moved to substitute John Doe as the defendant and to be added as a necessary party pursuant to Rules 19 and 21 of the Arkansas Rules of Civil Procedure. Appellant attached his affidavit expressly revoking his previous disclaimer of the funds. In it, he claimed that his disclaimer was not voluntary and that the officers coerced him into signing the disclaimer under the threat of incarceration.

The State filed its response to the motion to substitute on October 27, 2023. The State argued that appellant was not a party to the closed case and is attempting to file his

3

motions without first seeking intervention pursuant to Rule 24 of the Arkansas Rules of Civil Procedure. Therefore, it requested that appellant's motion be dismissed.

On November 9, 2023, appellant filed a pleading titled "Rule 24(c) Pleading, Answer to Forfeiture, and Motion to Dismiss with Incorporated Brief in Support with Counterclaim." In this document, appellant purported to file his answer to the original six-year-old civil-forfeiture complaint, moved to have the complaint dismissed, and counterclaimed for damages and attorney's fees for the loss of his property. On the same day, appellant filed a separate pleading titled "Motion and Brief in Support for Intervention in the alternative to Substitution as John Doe, as a Necessary Party Pursuant to Rule 19, and by this Court Pursuant to Rule 21." In this pleading, appellant requested that he be "added as a party through intervention as an alternative to being substituted as John Doe or as a necessary party pursuant to the Court's authority through Rule 21." Relevant to this appeal, appellant argued that intervention was timely because the default judgment was void on its face because he was not serviced with the complaint, and the State failed to comply with the requirements for a warning order.

A hearing was held on November 13, 2023. The circuit court noted that it thought the initial issue that needed to be addressed was whether appellant should be allowed to intervene because he was not a party to the case and lacked any standing to challenge the judgment unless his motion to intervene was granted. Appellant's counsel acknowledged that appellant was required to show that he *timely* moved to intervene as a matter of right. Counsel argued that appellant's motion was timely because the State knew appellant

possessed the money when it was seized but did not name or serve him with the civil-forfeiture complaint. Counsel argued that because the State did not afford appellant due process when it obtained the default judgment in 2017 and the order was improperly entered, he should be allowed to intervene, and the default judgment should be voided.

The State responded that any intervention was untimely because this case was now five years postjudgment, and it had been more than six years since the money had been seized. It further argued that appellant had not offered any explanation as to why he waited so long to file his motion to intervene when he was present when the money was seized and even signed a disclaimer acknowledging that he knew the money had been seized by Arkansas State Police. Therefore, the State asked that the motion to intervene be denied.

After hearing oral argument, the circuit court denied appellant's motion to intervene and made the following relevant oral findings, which were later incorporated into the circuit court's written order:

> My decision, ruling and holding on this intervention issue is going to be narrow and limited, but it's going to be as follows. This case was filed on June 9, 2017, and closed by default judgement on August 24, 4 2017. Claimant, Mr. Gastelum is and was not a party in this case. An intervention is a proceeding by which a person, not originally a party to an action, is permitted to become a party and therefore protect some alleged rights or interest at issue. Rule 24(a) governs intervention as a matter of right. That rule states, and I've highlighted the first three words upon timely application anyone shall be permitted to intervene in an action one when the status of this state confers an unconditional right to intervene, or two when an applicant claims an interest relating to the property or transaction, which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the interest is adequately protected by the existing parties. The threshold question then, is timeliness. A motion to intervene must be timely. The timeliness . . . question is a matter within the discretion of the Circuit Court. Timeliness . . . is determined with all the circumstances with the

following factors being considered.  One how far proceedings have progressed.  Here a default judgement was entered in August 2017.  Secondly, any prejudice to other parties caused by the delay.  The Court assumes that the sum of money in this case has long been forfeited and distributed to the State.  And three, the reason for the delay, The Court didn't hear any criteria or issue, lack of notice as [appellant's counsel] pointed out is a factor that may be considered.  After a final judgement has been entered.  Intervention is generally allowed only upon a strong showing of entitlement, or demonstration of unusual and compelling circumstances, which [appellant's counsel] has argued here today.  In any event, in all cases intervention must be made in a timely manner as a threshold requirement.  Delay in asserting a right is obviously a critical factor.  Here the claimant chose to remain inactive for nearly 6 years, claimant could have asserted his alleged right as early as the summer or fall of 2017.  He would have known when and where he was detained, in a traffic stop.  Not pursuing a claimed interest in over $680,000 for nearly six years, shows a found deleteriousness in pursuing that claim.  In any event a Circuit Court must be satisfied as to the timeliness of the motion to intervene.  If the court finds the motion to be untimely that ends the intervention request for relief.  And I'll say that an order -- we know the law, an order denying the motion to intervene is immediately appealable . . . if the motion to intervene is denied, there is no hearing on the merits of the motion and it's underlying allegations and averments.  So, this is a narrow holding of the court at this time.  I'm finding that the claimant was not an original party, rightly or wrongly.  That a default judgement has been entered, rightly or wrongly, but in any event the court finds that the motion to intervene is untimely, and that's narrow and limited holding of the court.  An intervention will not be allowed.

The circuit court further stated that it was denying appellant's request to be substituted as a party and allow his participation under Rules 19 and 21 of the Arkansas Rules of Civil Procedure.  Appellant's counsel further made an oral motion for the circuit court to reconsider its decision, which the circuit court denied.

A written order denying appellant's motion to intervene was filed on December 12, 2023.  The circuit court noted that intervention was a threshold issue that needed to be proper for appellant to proceed and made the following relevant findings:

6

3.     Aldo Gastelum is not a party. Ark. R. Civ. P. 24(a) applies to his claim that he should be allowed to intervene as a matter of right.

4.     A default judgment was entered in August of 2017. Gastelum seeks intervention to set aside the judgment.  Timeliness is required under Rule 24(a). Gastelum could have asserted his claim in the late summer of 2017 but chose to wait for approximately six years.

5.     No compelling reason has been advanced for the delay.  At this time, prejudice would result and Rule 24(a) has not been satisfied.  The Motion to Intervene is untimely and is denied.

6.     Additionally, the court denies Claimant's request to be substituted as a party and denies Claimant's request to allow his participation under both Rules 19 and 21 of the ARCP.

7.     For purposes of this narrow ruling, the Court is not considering proof of a signed disclaimer filed by the State, but limiting this ruling and holding as to the untimeliness of Claimant's attempted intervention.

8. Gastelum's Motion for Reconsideration is denied.

9. The Court's ruling from the bench is attached hereto and incorporated herein.

This appeal followed.

## II. *Introduction*

When one separates the wheat from the chaff, appellant's ultimate position is that he wants the circuit court to set aside the 2017 default judgment.  Once the default judgment is set aside, then appellant will litigate that he is the rightful owner of the seized $687,543. Appellant's challenge is to find a procedural avenue that allows him to make such an argument.  To that end, because appellant was not a party to the default-judgment case, appellant essentially argues that he should be allowed to intervene in the default-judgment

7

case that was closed five years ago. The circuit court held that his motion to intervene was untimely under Arkansas Rule of Civil Procedure 24.

III. *The Motion to Intervene Pursuant to Arkansas Rule of Civil Procedure 24*

In appellant's second point on appeal, which we address first, appellant argues that the circuit court erred in denying his motion to intervene.[1] An order denying a motion to intervene is immediately appealable. *See* Ark. R. App. P.–Civ. Rule 2(a)(2); *see also, e.g.*, *Valois Dynasty, LLC v. City Nat'l Bank*, 2016 Ark. App. 140, 486 S.W.3d 205. Whether a motion to intervene is permissive or as a matter of right, the motion must be timely. *See* Ark. R. Civ. P. 24(a)–(b). The supreme court has explained in the context of intervention that a circuit court's decision to allow a party to intervene as a matter of right is reviewed de novo, but the circuit court's decision on timeliness will not be reversed absent an abuse of discretion. *Nolan v. 2600 Holdings, LLC*, 2024 Ark. 50, 686 S.W.3d 499. We first note that "timeliness" is not defined in either Rule 24(a) or (b). Timeliness is determined from all the circumstances, with the following factors being considered: (1) how far the proceedings have progressed; (2) any prejudice to other parties caused by the delay; and (3) the reason for the delay. *Valois Dynasty, supra*. Lack of notice is a factor that may be considered, but after a final judgment has been entered, intervention is generally allowed only upon a strong showing of entitlement or a demonstration of unusual and compelling circumstances. *Id.*

---

[1]Appellant does not appeal from the circuit court's denial of his motion to be substituted as a party and request to participate under Arkansas Rules of Civil Procedure 19 and 21.

Appellant devotes much of his argument under this point discussing why he thinks the original default judgment was entered in error and should be held void. He further argues that the "timeliness clock" should not have begun "to run" until he first received notice of the original civil-forfeiture complaint. These arguments are misplaced.

Here, regardless of whether the default judgment should have been entered, upon which we do not comment, a final judgment was nevertheless entered on August 24, 2017. It is undisputed that appellant was present when the money was seized by Arkansas State Police on June 9, 2017, and therefore had knowledge that he was being deprived ownership of that money. Nevertheless, appellant did nothing for over six years. Our appellate courts have held that a delay in asserting a right is obviously a critical factor. *See Fort Smith Sch. Dist. v. Deer/Mt. Judea Sch. Dist.*, 2014 Ark. 486, 450 S.W.3d 239. In *Fort Smith School District*, we affirmed the denial of a motion to intervene when the Fort Smith School District had waited three years to file its motion. In *Cupples Farms Partnership*, we affirmed the denial of the motion to intervene as untimely and explained that "[n]ot protecting a claimed interest in over four hundred thousand dollars for either seven or ten years shows a profound dilatoriness in pursuing that claim." *Cupples Farms P'ship v. Forrest City Prod. Credit Ass'n*, 310 Ark. 597, 603, 839 S.W.2d 187, 191 (1992). In *McLane Company*, we affirmed the denial of McLane's motion to intervene on the grounds that it was untimely because its intervention in ongoing litigation was not sought until nearly four years after the preliminary injunction had been entered. *McLane Co. v. Davis*, 342 Ark. 655, 33 S.W.3d 473 (2000). While those cases were not civil-forfeiture cases, a civil-forfeiture case is a civil cause of action, and the

9

rules of civil procedure are equally applicable thereto. Just as in those cases and given all the facts and circumstances of this case, we cannot say that the circuit court abused its discretion in finding that appellant's petition to intervene filed some five years after the judgment was entered was untimely.

IV. *Motion to Set Aside the Default Judgment*

In appellant's first, third, and fourth points on appeal, appellant argues that the 2017 default judgment should be set aside as void. However, we cannot address the merits of these arguments on appeal. The circuit court did not address appellant's motion to set aside in its December 12, 2023, order; thus, it is not before us. It is well settled that a party's failure to obtain a ruling is a procedural bar to this court's consideration of an issue on appeal. *See Meador v. Total Compliance Consultants, Inc.*, 2013 Ark. 22, 425 S.W.3d 718; *Mabe v. Latco Constr., Inc.*, 2023 Ark. App. 154, 662 S.W.3d 717. Moreover, because we affirm the circuit court's threshold determination that the petition to intervene was untimely, we need not address the other arguments raised in this appeal. *See Fort Smith Sch. Dist.*, *supra*; *Kelly v. Est. of Edwards*, 2009 Ark. 78, 312 S.W.3d 316; *see also Bank of Quitman v. Phillips*, 270 Ark. 53, 57, 603 S.W.2d 450, 452 (Ark. App. 1980) (affirming the circuit court's denial of the bank's untimely motion to intervene and holding that we "need not reach the other points raised by appellant since the bank had no standing").

Affirmed.

VIRDEN and BROWN, JJ., agree.

*Ludwig Law Firm, PLC*, by: *Kale L. Ludwig*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.